UNITED STATES DISTRICT COURT
CONNECITCUT

SARA MAYBERRY

    Plaintiff,

V.                                                                                    CIVIL ACTION NO

RAUSCH STURM, LLP

Defendant.                                                                 FEBRUARY 9, 2022

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and regulations issued thereunder.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331.

3. Plaintiff is a natural person who resides in Manchester, CT.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA and has a principal place of business located at 250 N. SUNNYSLOPE ROAD, SUITE 300, BROOKFIELD, WI, 53005.

6. Defendant Rausch Sturm, LLP filed a lawsuit against the Plaintiff on or about May 14, 2021 in connection with collection efforts with regard to Plaintiff's disputed personal debt. *See Exhibit No. "1."*

7. Plaintiff was assigned counsel by the CT Veterans Legal Center and the undersigned filed his appearance in the state court matter, November 1, 2021 and answer and affirmative defenses on November 15, 2021. *See Exhibit No. "1."*

8. The Defendant communicated with a represented Plaintiff via collection letter dated November 24, 2021. *See Exhibit No. "2."*

9. The Defendant communicated with a represented Plaintiff via collection letter dated February 2, 2022. *See Exhibit No. "3."*

10. The Defendant called the home of the represented Plaintiff Sara Mayberry on February 3, 2022.

11. Plaintiff returned the call to the collection law firm and spoke to a collection agent who identified himself as "Joe Smiley" who attempted to collect the underlying debt alleged in the state court lawsuit to be owed to Portfolio Recovery Associates, LLC.

12. In the collection efforts, Defendant intentionally violated the FDCPA §169 c and other State of Connecticut Rules.

13. Defendant's telephone collection statements were false, deceptive and misleading in violation of §1692e.

14. It is or was the policy and practice of Defendant to communicate with Connecticut consumers in a manner which was reasonably calculated to confuse or frustrate, or mislead CT consumers in violation of the FDCPA §1692e and f.

15. Defendant being a collection law firm was aware of the FDCPA, nor is it entitled to the defense of Bone Fide error pursuant to the Supreme Court issued

decision in *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010).

16. *Jerman* decision held that the FDCPA's "bona fide error" defense does not apply to a violation of the Act resulting from a debt collector's incorrect interpretation of the statute's requirements.

That defense shields a debt collector from civil liability in a private action, if it shows that an FDCPA violation "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." The Sixth Circuit, whose decision the Supreme Court reversed, held that the "bona fide error" defense covered a law firm's mistake of stating in a validation notice that the consumer was required to dispute the debt in writing. The Supreme Court concluded that a legal mistake could be considered "intentional" under the FDCPA even if a debt collector did not know that its conduct violated the law.

17. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692 c, e f and g.

**WHEREFORE Plaintiff respectfully requests this Court to:**

1. Award Plaintiff statutory damages pursuant to the FDCPA.
2. Award Plaintiff costs of suit and a reasonable attorney's fee.
3. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY /S/Michael W. Kennedy
Michael W. Kennedy, Esquire
103 Mile Creek Road
Old Lyme, CT 06371
(860) 390-6165
Fed. Bar #ct19664
mwk550@yahoo.com